SUPREME COURT STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X    Index No: 28539/2020
ANDREA VANDYKE,

                                       Plaintiff,       **SUPPLEMENTAL SUMMONS**

    -against-

STOP & SHOP, THE STOP & SHOP SUPERMARKET
COMPANY LLC, and CROSS BRONX PLAZA LLC

                                     Defendants.
-----------------------------------------------------------------------X

The place of trial is designated in the caption of this matter. The basis of venue is:
The County Where the Plaintiff Resides,
The Plaintiff Resides in the County of Bronx and State of New York.

To the above-named Defendants,

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgement will be taken against you by default for the relief demanded in the complaint.

Dated: Woodbury, New York
         August 13, 2020

                                                                 Yours, etc.,

                                                                 *Carla A. Pinto*
                                                                 Carla A. Pinto, Esq.
                                                                 SALENGER, SACK, KIMMEL
                                                                 & BAVARO, LLP
                                                                 Attorneys for Plaintiff
                                                                 180 Froehlich Farm Blvd.
                                                                 Woodbury, New York 11797
                                                                 (516) 677-0100

**To:**

STOP & SHOP – Store #2593
Serve also: 961 E. 174th Street, Bronx, NY 10460

THE STOP & SHOP SUPERMARKET COMPANY LLC
*Serve via Secretary of State*

CROSS BRONX PLAZA LLC
*Serve via Secretary of State*

SUPREME COURT STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X
ANDREA VANDYKE,

                                        Plaintiff,

-against-

STOP & SHOP, THE STOP & SHOP SUPERMARKET
COMPANY LLC, and CROSS BRONX PLAZA LLC

                                        Defendants.
---------------------------------------------------------------X

Index No: 28539/2020

**VERIFIED AMENDED COMPLAINT**

Plaintiff, by her attorneys, SALENGER, SACK, KIMMEL & BAVARO, LLP, complaining of the defendants, sets forth and alleges as follows:

1. Upon information and belief, at all times hereinafter mentioned, the plaintiff is a resident of the County of the Bronx and State of New York.

2. Upon information and belief, defendant STOP & SHOP, was and still is a domestic limited liability company, duly organized and existing under and by virtue of the laws of the State of New York.

3. Upon information and belief, defendant THE STOP & SHOP SUPERMARKET COMPANY LLC (hereinafter "SUPERMARKET"), was and still is a domestic limited liability corporation, duly organized and existing under and by virtue of the laws of the State of New York.

4. Upon information and belief, defendant CROSS BRONX PLAZA LLC (hereinafter "CROSS"), was and still is a domestic limited liability corporation, duly organized and existing under and by virtue of the laws of the State of New York.

5. Upon information and belief, on August 5, 2019, defendant STOP & SHOP was the owner of the premises commonly known as "STOP & SHOP" store #2593, located at Horizon Mall, 961 E 174th Street, County of Bronx, New York, hereinafter "premises."

6. Upon information and belief, on August 5, 2019, defendant STOP & SHOP was in possession of the aforesaid premises.

7. Upon information and belief, on August 5, 2019, defendant STOP & SHOP, their agents, servants and/or employees operated the aforesaid premises.

8. Upon information and belief, on August 5, 2019, defendant STOP & SHOP was the lessor of the premises.

9. Upon information and belief, on August 5, 2019, defendant STOP & SHOP was the lessee of the premises.

10. Upon information and belief, on August 5, 2019, defendant STOP & SHOP, their agents, servants and/or employees maintained the aforesaid premises.

11. Upon information and belief, on August 5, 2019, defendant STOP & SHOP, their agents, servants and/or employees controlled the aforesaid premises.

12. Upon information and belief, on August 5, 2019, defendant STOP & SHOP, their agents, servants and/or employees managed the aforesaid premises.

13. Upon information and belief, on August 5, 2019, defendant STOP & SHOP, their agents, servants and/or employees supervised the aforesaid premises.

14. Upon information and belief, on August 5, 2019, defendant STOP & SHOP, their agents, servants and/or employees repaired the aforesaid premises.

15. Upon information and belief, on August 5, 2019, defendant STOP & SHOP, their agents, servants and/or employees installed the flooring in aforesaid premises.

16. Upon information and belief, on August 5, 2019, defendant STOP & SHOP, their agents, servants and/or employees maintained the flooring in the aforesaid premises.

17. Upon information and belief, on August 5, 2019, defendant STOP & SHOP, their agents, servants and/or employees inspected the flooring in the aforesaid premises.

18. Upon information and belief, on August 5, 2019, defendant STOP & SHOP, their agents, servants and/or employees repaired the flooring in the aforesaid premises.

19. Upon information and belief, on August 5, 2019, defendant STOP & SHOP, their agents, servants and/or employees installed the floor mats in aforesaid premises.

20. Upon information and belief, on August 5, 2019, defendant STOP & SHOP, their agents, servants and/or employees maintained the floor mats in the aforesaid premises.

21. Upon information and belief, on August 5, 2019, defendant STOP & SHOP, their agents, servants and/or employees inspected the floor mats in the aforesaid premises.

22. Upon information and belief, on August 5, 2019, defendant STOP & SHOP, their agents, servants and/or employees repaired the floor mats in the aforesaid premises.

23. Upon information and belief, on August 5, 2019, defendant STOP & SHOP, their agents, servants and/or employees failed to inspect the aforesaid premises.

24. Upon information and belief, on August 5, 2019, defendant STOP & SHOP, their agents, servants and/or employees failed to inspect the flooring in the aforesaid premises.

25. Upon information and belief, on August 5, 2019, defendant STOP & SHOP, their agents, servants and/or employees failed to inspect the floor mats in the aforesaid premises.

26. That it was the duty of the defendant, STOP & SHOP jointly and/or severally with co-defendants, their agents, servants and/or employees, to exercise reasonable care to keep the premises in a reasonably safe condition for persons thereon.

27. That it was the duty of the defendant, STOP & SHOP jointly and/or severally with co-defendants, their agents, servants and/or employees, to exercise reasonable care to keep the floor and floor mats in a reasonably safe condition for persons thereon.

28. Prior to August 5, 2019, defendant STOP & SHOP received notice of the defective and/or improper and/or unsafe premises.

29. Prior to August 5, 2019, defendant STOP & SHOP received notice of the defective flooring and/or floor mats.

30. Upon information and belief, on August 5, 2019, defendant SUPERMARKET was the owner of the aforesaid premises.

31. Upon information and belief, on August 5, 2019, defendant SUPERMARKET was in possession of the aforesaid premises.

32. Upon information and belief, on August 5, 2019, defendant SUPERMARKET, their agents, servants and/or employees operated the aforesaid premises.

33. Upon information and belief, on August 5, 2019, defendant SUPERMARKET was the lessor of the premises.

34. Upon information and belief, on August 5, 2019, defendant SUPERMARKET was the lessee of the premises.

35. Upon information and belief, on August 5, 2019, defendant SUPERMARKET, their agents, servants and/or employees maintained the aforesaid premises.

36. Upon information and belief, on August 5, 2019, defendant SUPERMARKET, their agents, servants and/or employees controlled the aforesaid premises.

37. Upon information and belief, on August 5, 2019, defendant SUPERMARKET, their agents, servants and/or employees managed the aforesaid premises.

38. Upon information and belief, on August 5, 2019, defendant SUPERMARKET, their agents, servants and/or employees supervised the aforesaid premises.

39. Upon information and belief, on August 5, 2019, defendant SUPERMARKET, their agents, servants and/or employees repaired the aforesaid premises.

40. Upon information and belief, on August 5, 2019, defendant SUPERMARKET, their agents, servants and/or employees failed to inspect the aforesaid premises.

41. Upon information and belief, on August 5, 2019, defendant SUPERMARKET, their agents, servants and/or employees installed the flooring in aforesaid premises.

42. Upon information and belief, on August 5, 2019, defendant SUPERMARKET, their agents, servants and/or employees maintained the flooring in the aforesaid premises.

43. Upon information and belief, on August 5, 2019, defendant SUPERMARKET, their agents, servants and/or employees inspected the flooring in the aforesaid premises.

44. Upon information and belief, on August 5, 2019, defendant SUPERMARKET, their agents, servants and/or employees repaired the flooring in the aforesaid premises.

45. Upon information and belief, on August 5, 2019, defendant SUPERMARKET, their agents, servants and/or employees failed to inspect the flooring in the aforesaid premises.

46. Upon information and belief, on August 5, 2019, defendant SUPERMARKET, their agents, servants and/or employees installed the floor mats in aforesaid premises.

47. Upon information and belief, on August 5, 2019, defendant SUPERMARKET, their agents, servants and/or employees maintained the floor mats in the aforesaid premises.

48. Upon information and belief, on August 5, 2019, defendant SUPERMARKET, their agents, servants and/or employees inspected the floor mats in the aforesaid premises.

49. Upon information and belief, on August 5, 2019, defendant SUPERMARKET, their agents, servants and/or employees repaired the floor mats in the aforesaid premises.

50. Upon information and belief, on August 5, 2019, defendant SUPERMARKET, their agents, servants and/or employees failed to inspect the aforesaid premises.

51. Upon information and belief, on August 5, 2019, defendant SUPERMMARKET, their agents, servants and/or employees failed to inspect the flooring in the aforesaid premises.

52. Upon information and belief, on August 5, 2019, defendant SUPERMARKET, their agents, servants and/or employees failed to inspect the floor mats in the aforesaid premises.

53. That it was the duty of the defendant, SUPERMARKET jointly and/or severally with co-defendants, their agents, servants and/or employees, to exercise reasonable care to keep the premises in a reasonably safe condition for persons thereon.

54. That it was the duty of the defendant, SUPERMARKET jointly and/or severally with co-defendants, their agents, servants and/or employees, to exercise reasonable care to keep the flooring and floor mats in a reasonably safe condition for persons thereon.

55. Prior to August 5, 2019, defendant SUPERMARKET received notice of the defective and/or improper and/or unsafe premises.

56. Prior to August 5, 2019, defendant SUPERMARKET received notice of the defective flooring and/or floor mats.

57. Upon information and belief, on August 5, 2019, defendant CROSS was the owner of the Premises.

58. Upon information and belief, on August 5, 2019, defendant CROSS was in possession of the aforesaid premises.

59. Upon information and belief, on August 5, 2019, defendant CROSS, their agents, servants and/or employees operated the aforesaid premises.

60. Upon information and belief, on August 5, 2019, defendant CROSS was the lessor of the premises.

61. Upon information and belief, on August 5, 2019, defendant CROSS was the lessee of the premises.

62. Upon information and belief, on August 5, 2019, defendant CROSS, their agents, servants and/or employees maintained the aforesaid premises.

63. Upon information and belief, on August 5, 2019, defendant CROSS, their agents, servants and/or employees controlled the aforesaid premises.

64. Upon information and belief, on August 5, 2019, defendant CROSS, their agents, servants and/or employees managed the aforesaid premises.

65. Upon information and belief, on August 5, 2019, defendant CROSS, their agents, servants and/or employees supervised the aforesaid premises.

66. Upon information and belief, on August 5, 2019, defendant CROSS, their agents, servants and/or employees repaired the aforesaid premises.

67. Upon information and belief, on August 5, 2019, defendant CROSS, their agents, servants and/or employees inspected the aforesaid premises.

68. Upon information and belief, on August 5, 2019, defendant CROSS, their agents, servants and/or employees installed the flooring in aforesaid premises.

69. Upon information and belief, on August 5, 2019, defendant CROSS, their agents, servants and/or employees maintained the flooring in the aforesaid premises.

70. Upon information and belief, on August 5, 2019, defendant CROSS, their agents, servants and/or employees inspected the flooring in the aforesaid premises.

71. Upon information and belief, on August 5, 2019, defendant CROSS, their agents, servants and/or employees repaired the flooring in the aforesaid premises.

72. Upon information and belief, on August 5, 2019, defendant CROSS, their agents, servants and/or employees installed the floor mats in aforesaid premises.

73. Upon information and belief, on August 5, 2019, defendant CROSS, their agents, servants and/or employees maintained the floor mats in the aforesaid premises.

74. Upon information and belief, on August 5, 2019, defendant CROSS, their agents, servants and/or employees inspected the floor mats in the aforesaid premises.

75. Upon information and belief, on August 5, 2019, defendant CROSS, their agents, servants and/or employees repaired the floor mats in the aforesaid premises.

76. Upon information and belief, on August 5, 2019, defendant CROSS, their agents, servants and/or employees failed to inspect the aforesaid premises.

77. Upon information and belief, on August 5, 2019, defendant CROSS, their agents, servants and/or employees failed to inspect the flooring in the aforesaid premises.

78. Upon information and belief, on August 5, 2019, defendant CROSS, their agents, servants and/or employees failed to inspect the floor mats in the aforesaid premises.

79. That it was the duty of the defendant, CROSS jointly and/or severally with co-defendants, their agents, servants and/or employees, to exercise reasonable care to keep the premises in a reasonably safe condition for persons thereon.

80. That it was the duty of the defendant, CROSS jointly and/or severally with co-defendants, their agents, servants and/or employees, to exercise reasonable care to keep the floor and floor mats in a reasonably safe condition for persons thereon.

81. Prior to August 5, 2019, defendant CROSS received notice of the defective and/or improper and/or unsafe premises.

82. Prior to August 5, 2019, defendant CROSS received notice of the defective flooring and/or floor mats.

83. On or about August 5, 2019 at approximately 3:00 p.m., while plaintiff ANDREA VANDYKE was a patron at the aforementioned premises and was attempting to traverse the area at or near the produce section, she was caused to slip and fall and be violently precipitated to and upon the ground.

84. That at said place and time plaintiff ANDREA VANDYKE was lawfully in and about said premises.

85. The occurrence above described was caused solely and wholly through the carelessness and negligence of the defendants, jointly and/or severally, their agents, servants and/or employees by having the premises not reasonably safe; in not keeping the premises in a reasonably safe condition; is using a slippery substance to clean the floor; in failing to remove the slippery substance on the floor; in failing to maintain the floor; in failing to inspect the floor; in failing to inspect the condition of the floor after mopping; in failing to dry the floor after mopping; in permitting water on the floor; permitting the floor to become slippery; permitting the floor to become unreasonably slippery; permitting the floor to become unreasonably slippery in an area known for pedestrian traffic; in failing to place any cautionary signs at the time the floor was slippery; in that the defendants allowed the floor to be in an unreasonable condition; in that the

aforementioned floor was saturated with water in the pedestrian walking area; in that the defendants allowed the water to stay on the floor; in that the aforementioned floor was saturated with slippery substance in the pedestrian walking area; in that the defendants allowed the slippery substance to stay on the floor; in failing to use non-slip flooring; in using slippery material as flooring for an area known for pedestrian traffic; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in said dangerous condition; in failing to take suitable and proper precautions for the safety of persons on and using said premises; in failing to warn persons in the area of the slippery condition; in failing to place caution signs, cones, and other warning devices; permitting and allowing said area to become and remain in a dangerous condition; in permitting the floor to deteriorate into a hazardous condition; in that defendants caused, allowed and permitted an obstruction to plaintiff's safe passage at said location; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully on said premises; in having incompetent employees, servants and/or agents; in employing incompetent help; in failing to erect guards, fences or barriers, in permitting and allowing said area to be in a state of disrepair, in failing to use due care and caution in the circumstances; in that the defendants failed to inspect said areas; in that defendants failed to give adequate and timely signal, notice or warning of said condition, in failing to maintain the floor in a safe condition; in that defendants violated the applicable statues, rules and ordinances, in that the defendants failed to remedy a hazardous condition within a reasonable time; in launching a force or instrument of harm; in creating a hazardous condition; and in otherwise being negligent in the instance. The plaintiff also relies upon the doctrine of Res Ipsa Loquitor. Upon information and belief, defendants had notice of said defect and failed to cure same.

86. The defendants had actual notice and/or constructive notice of said defects.

87. The defendants had prior written notice of said defects.

88. Upon information and belief, defendants had notice of said defects and failed to cure same.

89. Article 16 limitations on liability are not applicable to in this instance.

90. That since the acts complained of herein occurred, plaintiff ANDREA VANDYKE became sick, sore, lame and disabled and will be so sick, sore lame and disabled for some time to come. Plaintiff was obligated to and necessarily did engage and procure medical aid and attention in an endeavor to cure herself of her hurts and wounds and did necessarily pay and become liable, therefore.

91. By reason of the foregoing, plaintiff ANDREA VANDYKE had been and will be unable to attend to her usual affairs and duties. Plaintiff has lost and will lose diverse sums of money thereby, and plaintiff has been otherwise damaged, said damages exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** the plaintiff demands judgement against the defendants on behalf of ANDREA VANDYKE in an amount that exceeds the jurisdictional limitations of the lower Courts, together with the costs and disbursements of this action.

Dated: Woodbury, New York
August 13, 2020

Yours, etc.,

*Carla A. Pinto*
Carla A. Pinto, Esq.
SALENGER, SACK, KIMMEL
& BAVARO, LLP
Attorneys for Plaintiff
180 Froehlich Farm Blvd.
Woodbury, New York 11797
(516) 677-0100

## ATTORNEYS' AFFIRMATION

The undersigned, an attorney duly admitted to practice in the courts of the State of New York, hereby affirms the following under the penalties of perjury, and that the affiant is an associate of SALENGER, SACK, KIMMEL & BAVARO, attorneys of record for the plaintiff in the within action; that the affiant has read the foregoing

Supplemental and Amended Complaint

and know the contents thereof; and the same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe it to be true. Affiant further says that the reason this affirmation is made by affiant and not by the plaintiff, is that the plaintiff is currently outside the County where our office is maintained.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Statements of the plaintiff, contents of file, books and records

Dated: Woodbury, New York
       August 13, 2020

Yours, etc.,

*Carla A. Pinto*
Carla A. Pinto, Esq.
SALENGER, SACK, KIMMEL
& BAVARO, LLP
Attorneys for Plaintiff
180 Froehlich Farm Blvd
Woodbury, New York 11797
(516) 677-0100

Index No.: 28539/2020E
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------------------x
ANDREA VANDYKE,

                                                Plaintiff,

    -against-

STOP & SHOP, THE STOP & SHOP SUPERMARKET COMPANY LLC, and CROSS BRONX PLAZA LLC,

                                               Defendants.
---------------------------------------------------------------------------x

**SUPPLEMENTAL SUMMONS AND AMENDED VERIFIED COMPLAINT WITH ATTORNEY'S AFFIRMATION**

**SALENGER, SACK, KIMMEL & BAVARO, LLP**
Attorneys for Plaintiff(s)
180 Froehlich Farm Boulevard
Woodbury, New York 11797
(516) 677-0100
(516) 677-0443 Fax

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------x
ANDREA VANDYKE

                         Plaintiff/Petitioner,

     - against -                                      Index No. 28539/2020E

STOP & SHOP, THE STOP & SHOP SUPERMARKET
COMPANY LLC, and CROSS BRONX PLAZA LLC

                         Defendant/Respondent.
-----------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
(Consensual Case)
(Uniform Rule § 202.5-b)

You have received this Notice because:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- <u>If you are represented by an attorney</u>:
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- <u>If you are not represented by an attorney</u>:
  You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

  <u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The benefits of participating in e-filing include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

To register for e-filing or for more information about how e-filing works:

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: August 6, 2020

Carla Pinto, Esq.
Salenger Sack Kimmel & Bavaro
180 Froehlich Farm Boulevard
Woodbury, New York 11797
(516) 677-0100
E-Mail: CPinto@sskblaw.com

To: See Rider